IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| COMMUNITY OF HIPPOPOTAMUSES LIVING IN THE MAGDALENA RIVER,<br><br>Applicant,<br><br>To Issue Subpoenas For The Taking Of Depositions Pursuant To 28 U.S.C. § 1782. | Misc. Case No: |

### *EX PARTE* APPLICATION OF COMMUNITY OF HIPPOPOTAMUSES LIVING IN THE MAGDALENA RIVER FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

Based upon the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Ariel Flint ("Flint Decl."), and the accompanying Declaration of Luis Domingo Gómez Maldonado ("Gómez Maldonado Decl."), Applicant Community of Hippopotamuses Living in the Magdalena River ("Community") hereby apply to this Court *ex parte* for an order pursuant to 28 U.S.C. § 1782 ("Section 1782") granting the Application to serve Dr. Elizabeth Berkeley and Dr. Richard Berlinski with the deposition subpoenas annexed to the Flint Decl. as Exhibits A and B.

The requested depositions are vital to the success of the Community's litigation in the Republic of Colombia, where they are plaintiffs ("Colombian Litigation"). The Community intend to use the deposition testimony of Drs. Berkeley and Berlinski to demonstrate there are non-lethal methods of preventing the hippopotamuses who live in the Magdalena River from overpopulating. Without such evidence, the animals are likely to be killed.

The requirements of Section 1782(a) are met by the Community's Application. *First*, Dr. Elizabeth Berkeley lives in Franklin County and Dr. Richard Berlinski lives in Butler County, and thus both "reside" or are "found" in this district. Flint Decl., Exs. C and D. *Second*, their deposition

testimony would be presented to the court as evidence in the Colombian Litigation, making it "for use" in a proceeding before a foreign tribunal. Gómez Maldonado Decl. ¶¶ 22-26. And *third*, the Community are plaintiffs in the Colombian Litigation, and therefore qualify as "interested persons" under the statute. *Id.* ¶ 12; *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004).

The discretionary factors set out by the United States Supreme Court in *Intel Corp.* also weigh in favor of granting the Application. 542 U.S. at 264. *First*, the Witnesses are not participants in the Colombian Litigation, and are therefore outside the reach of the foreign tribunal. Gómez Maldonado Decl. ¶ 22. *Second*, Colombian tribunals are receptive to U.S. judicial assistance. *Id.* ¶ 24. *Third*, there are no Colombian proof-gathering restrictions that prohibit the acquisition or use of the Witnesses' testimony. *Id*. ¶¶ 24-26. And *fourth*, the requested depositions are not unduly intrusive or burdensome because they are proportional to the needs of the case.

The Community may require the Witnesses' testimony as soon as November of this year. *Id.* ¶ 23. Given the urgency of the request, the Community have filed this application *ex parte* and respectfully request that this Court approve the application for a subpoena as soon as practicable. *See In re Application for Discovery Pursuant to 28 U.S.C. § 1782.*, No. 1:19-MC-0102, 2019 WL 4110442, at *1 (N.D. Ohio Aug. 29, 2019) (citations omitted) ("An *ex parte* application is an acceptable method for seeking discovery pursuant to 28 U.S.C. § 1782.").

DATED: October 15, 2021      Respectfully submitted,

/s/ Robert R. Sparks
Robert R. Sparks (0073573)
STRAUSS TROY
150 E. Fourth Street
Cincinnati, OH 45202-4018
(513) 621-2120 – Telephone
(513) 629-9426 – Facsimile
E-mail: rrsparks@strausstroy.com

Ariel Flint (pro hac vice pending)
Animal Legal Defense Fund
20 W. 72nd Street
New York, NY  10023
(707) 795-2533 Ext. 1058 – Telephone
(707) 795-7280 – Facsimile
E-mail:  aflint@aldf.org

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| COMMUNITY OF HIPPOPOTAMUSES LIVING IN THE MAGDALENA RIVER,<br><br>Applicant,<br><br>To Issue Subpoenas For The Taking Of Depositions Pursuant To 28 U.S.C. § 1782. | Misc. Case No: |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION OF COMMUNITY OF HIPPOPOTAMUSES LIVING IN THE MAGDALENA RIVER FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**

Pursuant to 28 U.S.C. § 1782 ("Section 1782"), Applicant Community of Hippopotamuses Living in the Magdalena River ("Community") respectfully apply to this Court *ex parte* for an order allowing undersigned counsel to take the depositions of two fact witnesses who reside in the Southern District of Ohio: Dr. Elizabeth Berkeley and Dr. Richard Berlinski ("Witnesses"). The requested depositions are vital to the success of the Community's litigation in the Republic of Colombia ("Colombian Litigation"), where they are plaintiffs.[1] The Community intends to use the deposition testimony of Drs. Berkeley and Berlinski to demonstrate there are non-lethal methods of preventing the hippopotamuses who live in the Magdalena River from overpopulating. Without such evidence, the animals are likely to be killed.

Section 1782 authorizes "[t]he district court of the district in which a person resides or is found [to] order him to give his testimony or statement . . . for use in a proceeding in a foreign or international tribunal. . . ." 28 U.S.C. § 1782(a). For the reasons set forth below, this Section 1782

---

[1] In Colombia, animals have standing to represent their interests in court. Declaration of Luis Domingo Gómez Maldonado ¶¶ 8-10 ("Gómez Maldonado Decl.").

1

Application should be granted. *First*, the Application meets the statutory requirements for a Section 1782 application because the Witnesses each "reside" in this district and the discovery sought is "for use" in foreign proceedings in which the Community are plaintiffs, and therefore "interested persons." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246 (2004). *Second*, the discretionary factors that apply in determining whether to grant an application, as articulated by the Supreme Court in *Intel Corp.*, all favor granting this Section 1782 Application. *Id.* at 264–65.

The Community may require the Witnesses' testimony as soon as November of this year. Gómez Maldonado Decl. ¶ 23. Given the urgency of the request, the Community have filed this application *ex parte* and ask this Court to approve the application for a subpoena as soon as practicable. "An *ex parte* application is an acceptable method for seeking discovery pursuant to 28 U.S.C. § 1782." *In re Application for Discovery Pursuant to 28 U.S.C. § 1782.*, No. 1:19-MC-0102, 2019 WL 4110442, at *1 (N.D. Ohio Aug. 29, 2019); *see also Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)."); *In re Rivada Networks*, 230 F. Supp. 3d 467, 473 (E.D. Va. 2017) ("[D]ecision to file an *ex parte* § 1782 application was proper—indeed, that decision was unremarkable, as § 1782 applications are routinely filed *ex parte*.").

## RELEVANT BACKGROUND

In the 1980s, Colombian drug trafficker Pablo Escobar purchased four hippopotamuses for his private zoo. Gómez Maldonado Decl. ¶ 6. After Escobar's death, the Colombian government left the hippopotamuses on his property because it was unable to transport them to a suitable

2

environment. *Id.* In the years that followed, the hippopotamuses escaped the property, relocated to the Magdalena River, and reproduced at a rate that some ecologists consider to be unsustainable. *Id.* ¶¶ 6-7.

Today, a group of scientists and government officials who are concerned about the hippopotamuses' overpopulation have proposed that the animals be killed. *Id.* ¶¶ 7, 16. To prevent their slaughter, Colombian attorney Luis Domingo Gómez Maldonado has filed a lawsuit on behalf of the Community of Hippopotamuses. *Id.* ¶ 12-14. The case, which is still ongoing, was filed before the Administrative Tribunal of Cundinamarca on July 31, 2020. *Id.* The lawsuit demands that the government use non-lethal birth control to manage the size of the Community's population. *Id.*

After the lawsuit was filed, a group of wildlife specialists announced that they had developed a plan to use immunocontraception, a form of non-lethal birth control, to prevent the Community from overpopulating ("the Plan"). *Id.* ¶¶ 18-20. To confirm and prove that the Plan is a workable alternative to lethal force, the Community need to collect the testimony of its proponents, two of whom reside in this district. *Id* ¶¶ 22-23.

Dr. Elizabeth Berkeley, MS, PhD, and Dr. Richard Berlinski, DVM, reside in the Southern District of Ohio. Flint Decl. ¶¶ 4-5 They specialize in wildlife immunocontraception and exotic animal medicine, respectively, and are part of the group of wildlife specialists who would implement the Plan. Gómez Maldonado Decl. ¶ 22. As such, their deposition testimony is critical to the success of the Colombian Litigation.

## STANDARD OF LAW

Section 1782, titled "Assistance to foreign and international tribunals and to litigants before such tribunals," is the product of 150 years of congressional efforts to ensure that federal courts

3

assist with the gathering of documents and testimony for use before foreign tribunals. *Intel Corp.*, 542 U.S. at 247. To invoke Section 1782, an applicant must satisfy three statutory prerequisites: (1) the person from whom discovery is sought "resides or is found" in the district of the district court to which the application is made; (2) the discovery sought is "for use" in a foreign proceeding before a foreign tribunal; and (3) the application is made by a foreign or international tribunal or "any interested person." 28 U.S.C. § 1782(a). Courts evaluate these prerequisites in light of the statute's "increasingly broad applicability" so as to "encourage foreign countries by example to provide similar means of assistance to our courts." *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012) (citations omitted).

If these threshold factors are met, courts consider whether to grant an application by applying the discretionary factors outlined by the Supreme Court in *Intel Corp*: "(1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings, and the receptivity of [the tribunal] abroad to federal-court judicial assistance; (3) whether the application conceals an attempt to circumvent foreign proof-gathering restrictions or other policies; and (4) whether the request is unduly intrusive or burdensome." *Luxshare, LTD. v. ZF Auto. US, Inc.*, No. 2:20-MC-51245, 2021 WL 2705477, at *3 (E.D. Mich. July 1, 2021) (citing *Intel Corp.*, 542 at 264–65).

## ARGUMENT

The Court should grant this Application because the Community satisfy all of the statutory prerequisites for a 28 U.S.C. § 1782 action, and the discretionary factors all favor granting this Application.

**I.      THE APPLICATION SATISFIES THE THREE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782**

The requirements to obtain discovery under Section 1782 are simple and few: (1) the order must be issued by "[t]he district court of the district in which [the witness] resides or is found"; (2) the discovery must be "for use in a proceeding in a foreign or international tribunal"; and (3) in the context of this case, the order may be made "upon the application of any interested person." 28 U.S.C. § 1782(a). Those requirements are met here.

*First*, Dr. Berkeley lives in Franklin County, Ohio, and Dr. Berlinski lives in Butler County, Ohio, and thus both "reside" or are "found" in this district. *Second*, their deposition testimony would be presented to the court as evidence in the Colombian Litigation, making it "for use" in a proceeding before a foreign tribunal. And *third*, the Community are plaintiffs in the Colombian Litigation, and therefore qualify as "interested persons" under the statute. *Intel Corp.*, 542 U.S. at 256 (stating there is "no doubt" that a party to the foreign litigation qualifies as an "'interested person' who may invoke § 1782").

**A.      The Witnesses Reside in the Southern District of Ohio.**

The Witnesses from whom discovery is sought reside in the Southern District of Ohio. Specifically, Dr. Berlinski resides in Butler County and Dr. Berkeley resides in Franklin County. Flint Decl., Exs. C and D (enclosing voter record information for each Witness). Accordingly, the first statutory requirement is satisfied. *See In re Application for Discovery Pursuant to 28 U.S.C. § 1782*, 2019 WL 4110442, at *2 (accepting similar evidence to satisfy this statutory requirement).

**B.      The Discovery Sought Is for Use in a Proceeding Before a Foreign Tribunal.**

The requirement that the discovery sought be "for use" in a proceeding before a foreign tribunal imposes only a "de minimis" burden upon applicants. *In re Veiga*, 746 F. Supp. 2d 8, 18 (D.D.C. 2010). To satisfy the requirement, applicants must only show that the requested

5

information would be relevant to some stage of the foreign litigation. *In re Application for Discovery Pursuant to 28 U.S.C. § 1782*, 2019 WL 4110442, at *2; *In re Application for Discovery Pursuant to 28 U.S.C. § 1782*, No. 1:19-MC-0102, 2020 WL 364222, at *2 (N.D. Ohio Jan. 22, 2020). Courts have interpreted Section 1782's relevance requirement as "broadly permissive." *In re 28 U.S.C. Section 1782*, 249 F.R.D. 96, 107 (S.D.N.Y. 2008); *see also In re Application of Republic of Ecuador,* No. 1:10-mc-00040, 2010 WL 4027740, at *4 (E.D. Cal. Oct. 14, 2010) (concluding that applicant had made a "prima facie showing that the information it seeks . . . has, generally speaking, some relevance" to the foreign proceeding).

In this case, the Community easily meet the "for use" requirement. The deposition testimony of Dr. Berkeley and Dr. Berlinski is directly relevant to the Colombian Litigation because it will reveal whether the Plan to use immunocontraception is a safe and effective way to control the hippopotamuses' overpopulation. Gómez Maldonado Decl. ¶¶ 22-26. If it is, the Community will use their testimony to prove that the slaughter of the animals is unnecessary, and therefore unlawful. *Id.* ¶¶ 7-9, 22-26. Accordingly, the Application satisfies the second statutory requirement.

  **C.  The Community Are Interested Persons to the Colombian Proceeding.**

The term "interested person" is broadly construed. *In re Mesa Power Grp., LLC*, No. 2:11-MC-270-ES, 2013 WL 1890222, at *6 (D.N.J. Apr. 19, 2013) (citing *Intel Corp.*, 542 U.S. at 256–57). Although it extends beyond litigants, there is "no doubt" that a party to the foreign litigation qualifies as an "'interested person' who may invoke § 1782." *Intel Corp.*, 542 U.S. at 256 (noting that Section 1782 is titled "assistance to foreign and international tribunals and to *litigants* before such tribunals"); *Chubb Ins. Co. of Eur. SE v. Zurich Am. Ins. Co.*, No. 1:09-MC-0116, 2010 WL

6

411323, at *6 (N.D. Ohio Jan. 28, 2010) (citation omitted) ("The Supreme Court regards litigants as 'interested persons' within the meaning of the statute.").

In this case, the Community are "interested persons" within the meaning of Section 1782 because they are plaintiffs in the Colombian Litigation. Gómez Maldonado Decl. ¶ 12; *Intel Corp.*, 542 U.S. at 256. The Colombian Constitutional Court has recognized that animals have standing to bring such claims, since they are entitled to the guarantee provided by their statutory or constitutional rights, and therefore allowed to redeem those rights as plaintiffs in litigation. Gómez Maldonado Decl. ¶¶ 8-10.

When evaluating a Section 1782 application, U.S. courts do not interfere with a foreign legal system's conclusion as to who qualifies as a litigant in that country. *See In re Furstenberg Fin. SAS*, No. 16-MC-60266, 2016 WL 10707012, at *3 (S.D. Fla. July 27, 2016), *aff'd sub nom. Application of Furstenberg Fin. SAS v. Litai Assets LLC*, 877 F.3d 1031 (11th Cir. 2017) ("[A] determination of Applicants' standing in a [foreign] suit reaches further into the underlying merits of their claims than [ U.S. courts are] required to contemplate under Section 1782, and the merits of their claims are not to be heard and decided before [U.S. courts]."). Doing so would run counter to the statute's "twin aims," which are to "'provid[e] efficient assistance to participants in international litigation and [to] encourag[e] foreign countries by example to provide similar assistance to our courts.'" *JSC MCC EuroChem v. Chauhan*, No. 18-5890, 2018 WL 9650037, at *2 (6th Cir. Sept. 14, 2018) (quoting *Intel Corp.*, 542 U.S. at 252); *see Mees v. Buiter*, 793 F.3d 291, 298–99 (2d Cir. 2015) (citation omitted) (explaining that Section 1782 does not condone "speculative forays into legal territories unfamiliar to federal judges" because such an "inherently unreliable method of deciding section 1782 requests cannot possibly promote the 'twin aims' of the statute."). As a result, courts have recognized foreign litigants as "interested persons" for the

purpose of obtaining Section 1782 discovery even if they would not be recognized as persons in our domestic legal system for other purposes, as in the case of foreign sovereigns and estates. *See, e.g.*, *In re Republic of Ecuador*, No. C-10-80225, 2010 WL 4973492, at *3-4 (N.D. Cal. Dec. 1, 2010) (citing *Intel Corp.*, 542 U.S. at 256); *In re Application for Discovery Pursuant to 28 U.S.C. § 1782.*, 2019 WL 4110442, at *1. To do otherwise, and prohibit *some* classes of foreign litigants from collecting discovery in the United States while allowing their adversaries to do so without restriction, would defy the Supreme Court's decision in *Intel Corp.*, contradict basic principles of comity, and produce an "asymmetrical result" in the foreign litigation that cannot be what Congress intended. *In re Republic of Ecuador*, 2010 WL 4973492, at *6; *John Deere Ltd. v. Sperry Corp.*, 754 F. 2d 132, 135 (3d Cir. 1985) ("As a cooperative measure, section 1782 cannot be said to ignore those considerations of comity and sovereignty that pervade international law."); *Michigan Cmty. Servs., Inc. v. N.L.R.B.*, 309 F.3d 348, 356 (6th Cir. 2002) (citation omitted) (comity is "a golden rule among nations—that each must give the respect to the laws, policies and interests of others that it would have others give to its own in the same or similar circumstances.").

Accordingly, since the Community of Hippopotamuses are parties to the Colombian litigation, they "no doubt" qualify as "'interested person[s]' who may invoke § 1782." *Intel Corp.*, 542 U.S. at 256. And, as a result, the Community's Application satisfies all of the statutory requirements.

## II. THE DISCRETIONARY *INTEL* FACTORS SUPPORT GRANTING THE APPLICATION

Once all of the statutory requirements are met, courts consider whether to grant an application by applying the discretionary factors outlined by the Supreme Court in *Intel Corp.*: "(1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings, and the receptivity of [the

8

tribunal] abroad to federal-court judicial assistance; (3) whether the application conceals an attempt to circumvent foreign proof-gathering restrictions or other policies; and (4) whether the request is unduly intrusive or burdensome." *Luxshare, LTD.*, 2021 WL 2705477, at *3 (citing *Intel Corp.*, 542 at 264–65). Courts apply these factors in light of the statute's twin aims: "providing efficient means of assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Id.* (citing *Intel Corp.*, 542 at 252).

In this case, all of the discretionary factors weigh in favor of granting the Application. *First*, the Witnesses are not participants in the Colombian Litigation, and are therefore outside the reach of the foreign tribunal. *Second*, Colombian tribunals are receptive to U.S. judicial assistance. *Third*, there are no Colombian proof-gathering restrictions that prohibit the acquisition or use of the Witnesses' testimony. And *fourth*, the requested depositions are not unduly intrusive or burdensome because they are proportional to the needs of the case.

### A. The First *Intel* Factor Supports the Application Because Dr. Berkeley and Dr. Berlinski Are Not Participants in the Colombian Litigation.

The first *Intel* factor turns on whether "the person from whom discovery is sought is a participant in the foreign proceeding." *Intel Corp.*, 542 U.S. at 264. If they are a participant, this factor weighs against granting the application because "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id.* In contrast, if the person from whom discovery sought is *not* a participant in the foreign proceeding, the first *Intel* factor weighs in favor of granting the application because that person "may be outside the foreign tribunal's jurisdictional reach." *Id.*

In this case, Dr. Berkeley and Dr. Berlinski are nonparties located outside the jurisdictional reach of the Colombian tribunal. Gómez Maldonado Decl. ¶ 22. Accordingly, the first *Intel* factor

9

weighs in favor of granting the Application. *Matter of de Leon*, No. 1:19-MC-15, 2020 WL 419436, at *5 (S.D. Ohio Jan. 27, 2020)[2] ("Here, the first *Intel* factor is met, namely P&G is not a party to the Saudi Action.").

### B. The Second *Intel* Factor Supports the Application Because Colombian Courts Are Receptive to U.S. Judicial Assistance.

The second *Intel* factor "looks to whether the foreign court would accept assistance from federal district courts." *In re Medytox, Inc.*, No. 1:18-MC-00046, 2019 WL 3162174, at *5 (S.D. Ind. July 16, 2019), *report and recommendation adopted*, No. 118-MC-00046, 2019 WL 3556930 (S.D. Ind. Aug. 5, 2019) (citing *Intel Corp.*, 542 U.S. at 264). This factor weighs in favor of granting the application "unless there is some 'authoritative proof' that the foreign tribunal would reject evidence obtained with the aid of section 1782." *Id.* (citing *Euromepa S.A. v. R. Esmerian, Inc.,* 51 F.3d 1095, 1100 (2d Cir. 1995)); *see also* Flint Decl., Ex. E (attaching *Chevron Corp. v. Barnthouse*, No. 10-mc-00053, ECF No. 36 at 9 (S.D. Ohio Nov. 26, 2010)) (same).

In this case, the second *Intel* factor weighs in favor of granting the Application because Colombian courts are receptive to U.S. judicial assistance. *In re Ferrer*, No. 18-20226-CIV, 2018 WL 3240010, at *9 (S.D. Fla. July 3, 2018), *on reconsideration in part*, No. 18-20226-CIV, 2018 WL 4575043 (S.D. Fla. Sept. 5, 2018) (collecting cases) ("Colombian courts [are] receptive to § 1782"); *In re FG Wilson (Eng'g) Ltd.*, No. 10-20839-MC, 2010 WL 11506362, at *1 (S.D. Fla. Mar. 30, 2010) (same). That is especially true of Colombian courts that are faced with constitutional claims, as in the case at bar. Gómez Maldonado Decl. ¶ 24.

---

[2] *Aff'd sub nom. Matter of De Leon*, No. 1:19-MC-15, 2020 WL 1180729 (S.D. Ohio Mar. 12, 2020), *appeal dismissed sub nom. In re De Leon*, No. 20-3406, 2020 WL 3969865 (6th Cir. May 26, 2020).

      **C.    The Third *Intel* Factor Supports the Application Because the Community Are Not Attempting to Circumvent Colombian Proof-Gathering Restrictions.**

The third *Intel* factor considers whether the application "conceals an attempt to circumvent foreign proof-gathering restrictions" or other similar policies. *Intel Corp.*, 542 U.S. at 265. "Proof-gathering restrictions are best understood as rules akin to privileges that *prohibit* the acquisition or use of certain materials, rather than as rules that *fail to facilitate* investigation of claims. . . ." *Mees v. Buiter*, 793 F.3d at 303 n.20 (emphasis in original) (internal quotations omitted). In other words, "the question presented is not whether the [foreign] [c]ourt would order the requested discovery if it had jurisdiction over the [witnesses] but whether there are [foreign] proof-gathering restrictions that are akin to privileges that would prohibit the acquisition or use of the [evidence] sought." *In re Bernal*, No. 18-21951-MC, 2018 WL 6620085, at *8 (S.D. Fla. Dec. 18, 2018).

In this case, the third *Intel* factor weighs in favor of granting the Application because there are no Colombian proof-gathering restrictions that would prohibit the acquisition or use of Dr. Berkeley's and Dr. Berlinski's testimony. Gómez Maldonado Decl. ¶¶ 24-26. Instead, "the requested discovery is consistent with the type of discovery available in the Colombian proceedings," and simply "cannot be obtained through the Colombian tribunals because [the witnesses] reside[] in the United States." *In re FG Wilson (Eng'g) Ltd.*, 2010 WL 11506362, at *1 (granting *ex parte* application for deposition testimony); Gómez Maldonado Decl. ¶¶ 22-26.

      **D.    The Fourth *Intel* Factor Supports the Application Because the Discovery Requested Is Critically Important and Minimally Burdensome.**

The final *Intel* factor asks whether the discovery request is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. To determine whether a discovery request is unduly intrusive or burdensome, courts apply Federal Rule of Civil Procedure 26. *See In re Application for Discovery Pursuant to 28 U.S.C. § 1782*, 2020 WL 364222, at *5; *Mees v. Buiter*, 793 F.3d at

11

302. If a discovery request is too broad, "it is far preferable for a district court to . . .issu[e] a closely tailored discovery order rather than [to] simply deny[] relief outright." *Chubb Ins. Co. of Eur. SE v. Zurich Am. Ins. Co.*, 2010 WL 411323, at *6 n.7 (citation omitted).

In this case, "the importance of the issues at stake in the action" include whether nearly one hundred hippopotamuses live or die, while the "burden" of the discovery amounts to a single, three-hour deposition in which no documents need be produced. Fed. R. Civ. P. 26(b)(1); *see generally* Flint Decl., Exs. A and B (draft subpoenas that counsel for Applicant intends to serve upon each Witness). The depositions will occur in Dr. Berkeley's and Dr. Berlinski's home district, at a mutually agreeable time and place, and be subject to a limited scope. *Id.*; *see In re Medytox, Inc.*, 2019 WL 3162174, at *8 ("Sitting for a deposition within one's home district does not, and cannot, constitute an undue burden. . . ."). Accordingly, the fourth *Intel* factor weighs in favor of granting the Application because the requested depositions are proportional to the needs of the case.

As set forth herein, each of the four *Intel* factors weighs in favor of granting this Application.

## CONCLUSION

Based on the foregoing, the Community respectfully request that the Court grant the Application.

DATED: October 15, 2021            Respectfully submitted,

/s/ Robert R. Sparks
Robert R. Sparks (0073573)
STRAUSS TROY
150 E. Fourth Street
Cincinnati, OH 45202-4018
(513) 621-2120 – Telephone
(513) 629-9426 – Facsimile
E-mail: rrsparks@strausstroy.com

12

Ariel Flint (pro hac vice pending)
Animal Legal Defense Fund
20 W. 72nd Street
New York, NY  10023
(707) 795-2533 Ext. 1058 – Telephone
(707) 795-7280 – Facsimile
E-mail:  aflint@aldf.org